# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDER A. HARRIS, <br><br> Plaintiff, <br><br> v. <br><br> MAXIM CASAS, et al., <br><br> Defendants. | Case No. 25–cv–02251–ESK–MJS <br><br> OPINION |

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on *pro se* plaintiff Alexander A. Harris's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Complaint). (ECF No. 1.) Because plaintiff has been granted *in forma pauperis* status, I must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). For the following reasons, I will dismiss the Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. FACTS AND PROCEDURAL HISTORY

    Plaintiff brings the Complaint against various employees of the Hudson County Correctional Center (Center) for causing him injury related to the removal of a catheter. (ECF No. 1 p. 5.) He states that the catheter was inserted for a September 11, 2024 procedure and scheduled for removal on September 23, 2024. (*Id.*) However, it was left in until the first week of October and was only removed after judicial intervention. (*Id.*) Plaintiff was taken off of the antibiotics and pain medication, resulting in a fever and infection. (*Id.*) He also states "the toilet was broken for over a month, problems and additional surgeries." (*Id.*)

## II. LEGAL STANDARD

The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).at 251).

## III. DISCUSSION

Plaintiff asserts defendants are liable for failure to supervise, failure to train, failure to protect, cruel and unusual punishment, deliberate indifference, negligence, etc. (ECF No. 1 pp. 3, 4.) However, the Complaint does not include enough information for me to reasonably infer that defendants, who

include the Center's medical director and director of nurses, were personally responsible for plaintiff's alleged injuries. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.*

A "supervisory defendant may be liable if [they], 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the constitutional harm.' Claims alleging a failure to train, failure to discipline, or failure to supervise are a subset of such policy or practice liability." *Womack v. Moleins*, No. 10–cv–02932, 2015 WL 420161, at *3 (D.N.J. Jan. 30, 2015) (quoting *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 317 (3d Cir. 2014)). Plaintiff must provide sufficient facts that, if true, would show: "(1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure." *Id.* (quoting *Barkes*, 766 F.3d at 317).

"[F]ailure to adequately train or supervise can only constitute deliberate indifference if the failure has caused a pattern of violations." *Id.*; *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (holding that "[a] pattern of similar constitutional violations by untrained employees" is necessary "to demonstrate deliberate indifference for purposes of failure to train"). Plaintiff's one-paragraph statement of claims does not satisfy this requirement. (ECF No. 1

3

p. 5.) Therefore, I will dismiss the Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

Generally, "[a] plaintiff[ ] who file[s a] complaint[ ] subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Because plaintiff may be able to allege facts that would cure the deficiencies identified above, I will grant plaintiff 45 days to submit a proposed amended complaint. The proposed amended complaint will be subject to my § 1915 review prior to service. Failure to submit a proposed amended complaint within 45 days of the accompanying order will convert the order into a dismissal of all claims with prejudice without further action by the Court.

## IV. CONCLUSION

For the reasons stated above, I will dismiss the Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff may submit a proposed amended complaint within 45 days. An appropriate Order accompanies this Opinion.

                                                    /s/ Edward S. Kiel
                                                   EDWARD S. KIEL
                                                   UNITED STATES DISTRICT JUDGE

Dated: September 2, 2025